UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:   KEVIN A. SHERMAN,   :   Chapter 13
                                       :
        Debtor     :   Bky. No. 19-17043 ELF

# M E M O R A N D U M

## I. INTRODUCTION

Debtor, Kevin A. Sherman, filed this chapter 13 bankruptcy case on November 7, 2019, represented by Young, Marr, Mallis & Deane, LLC ("Counsel"). The Debtor's chapter 13 plan was confirmed on August 4, 2020.

Prior to confirmation, Counsel filed an application for compensation requesting the allowance of $5,300.00. The application was granted on September 4, 2020.

On motion of the Chapter 13 Trustee, the case was dismissed by order entered on December 21, 2021. Twenty-one (21) days later, on January 11, 2022, Counsel filed an application for allowance of supplemental compensation ("the Supp. Application") requesting additional counsel fees of $1,000.00.[1] Counsel filed a certification of no response to the Supp. Application on February 2, 2022.

Under the local rules of this court, applications for compensation typically are decided by the court without a hearing. See L.B.R. 2016-1. In this case, I see no need to conduct a hearing.

For the reasons stated below, the Supp. Application will be denied.

---

[1] Presumably, Counsel filed the Supp. Application believing that the Trustee was holding undistributed (plan payment) funds when the case was dismissed.

-1-

## II. DISCUSSION

A chapter 13 debtor's counsel's request for payment of compensation from funds held by the Chapter 13 Trustee after dismissal of the bankruptcy case arises in two (2) procedural postures; either before confirmation of a plan or after confirmation of a plan. There are potential differences in the statutory provisions that govern these two (2) situations.

In order to analyze the post-confirmation, post-dismissal application for compensation presently before the court, it is helpful to first review the legal principles governing allowance of professional compensation in chapter 13 cases that have been dismissed pre-confirmation.

In this district, the case with the most fulsome discussion of this issue is in a case I authored, In re Lewis, 346 B.R. 89 (Bankr. E.D. Pa. 2006).

### A. In re Lewis

In Lewis, initially, I considered whether the bankruptcy court had subject matter jurisdiction over a request for the allowance of compensation after the dismissal of a chapter 13 bankruptcy case.[2] In doing so, I followed the then-recent decision from another judge on this court, In re Ragland, 2006 WL 1997416 (Bankr. E.D. Pa. May 25, 2006). Ragland held that, as a general rule, the bankruptcy court lacks jurisdiction over proceedings related to the bankruptcy after dismissal of the underlying case. In Lewis, I found that the court retained jurisdiction to

---

[2] This threshold determination was appropriate because a federal bankruptcy court, as a court of limited jurisdiction, has a duty to assure itself that it has subject matter jurisdiction before reaching the merits of a case. E.g., In re Nat'l Med. Imaging, LLC, 627 B.R. 73, 87 (Bankr. E.D. Pa. 2021) (collecting cases).

consider the application for compensation in one (1) of the two (2) cases before the court.[3]

After resolving the jurisdictional issue, I then analyzed whether the debtor's counsel's request for compensation could be granted after dismissal of the chapter 13 case.

Without repeating the entire Lewis discussion, the opinion sets forth the following legal principles:

1. As a general rule, case administration terminates upon dismissal of a bankruptcy case.

2. 11 U.S.C. §349(b)(3) governs the effect of dismissal on property of the bankruptcy estate.

3. 11 U.S.C. §349(b)(3) provides, generally, that dismissal revests estate property in the entity in which such property was previously vested.

4. The "default operation" of §349(b)(3) is subject to the court's authority to "order otherwise."[4]

5. If a case is dismissed without reservation of jurisdiction to implement the court's discretion under §349(b)(3) to "order otherwise," the estate property revests (again, typically in the debtor) by operation of law and there is no

---

[3]　　In one of the cases addressed in the opinion (the Nesmith debtor), the court had entered an unqualified dismissal order; no application for compensation was pending when the case was dismissed. Instead, the debtor's counsel filed an application for compensation within three (3) days after the entry of the dismissal order. I evaluated whether treatment of the application qualified as a request to modify the dismissal order under either Fed. R. Bankr. P. 9023 or 9024. In the end, I concluded that the debtor's counsel had not established grounds for reconsideration of the unqualified dismissal order. Consequently, I ruled that the court lacked jurisdiction to consider the post-dismissal application for compensation. Lewis, 346 B.R. at 113-14.

In the other case, (the Lewis debtor), the debtor's counsel's application for compensation was pending when the case was dismissed. When the court entered the unqualified dismissal order, it also entered an order denying the application for compensation. The debtor's counsel appealed the order denying the allowance of compensation, after which the district court vacated the order denying compensation and remanded for further proceedings. In these circumstances, I held that the appeal of the bankruptcy court's order denying the request for a pre-confirmation distribution was adequate to preserve the ongoing jurisdiction of the bankruptcy court over the matter. Id. at 111-12.

[4]　　The text of the statute states "unless the court order**s** otherwise." When I quote the provision in this Memorandum, I will drop the letter "s" from the phrase.

-3-

>   property over which the court may exercise bankruptcy jurisdiction.
>
> 6. If the bankruptcy court has retained jurisdiction after dismissal of the chapter 13 case, then, based on the "order otherwise" clause in §349(b)(3), the court may direct that the bankruptcy estate funds be paid to debtor's counsel (and, if a request is made, other entities requesting the allowance of administrative expenses), rather than to the entity in which such property was previously vested.[5]

Since deciding Lewis, as a matter of policy and protocol, I have treated an application for compensation that is *pending when a chapter 13 case is dismissed pre-confirmation* as an implied request that the court retain jurisdiction to consider whether to exercise its "order otherwise" authority under 11 U.S.C. §349(b)(3). **And, my practice has been to exercise that discretion to consider the application for compensation on its merits**.[6] I do so largely in recognition of the policy underlying 11 U.S.C. §1326(a)(2).

It is worth pausing for a moment to describe that policy. In Lewis, I observed §1326(a) is designed to "shift[ ] . . . some of the risk of the failure of the case from administrative claimants to the debtor." 346 B.R. at 110. I then determined that

>   the purpose of § 1326(a)(2) — to surcharge the debtor for the allowed costs of administration if a chapter 13 plan is not confirmed — is a sufficient basis

---

[5] I am aware that other courts view 11 U.S.C. §1326(a)(2) as the authority for allowing compensation in a chapter 13 case dismissed pre-confirmation. See, e.g., In re Merovich, 547 B.R. 643, 648 (Bankr. M.D. Pa. 2016); In re Garris, 496 B.R. 343, 349-53 (Bankr. S.D.N.Y. 2013). By contrast, in Lewis, I held that §1326(a)(2) applies only after an order denying confirmation has been entered.

For purposes of the case at bar, which involves a post-confirmation dismissal, §1326(a)(2), by its own terms, is inapplicable, rendering these diverging statutory holdings immaterial.

[6] As a result, when I dismiss a chapter 13 case prior to confirmation and an application for compensation is pending (or a separate request for retention of jurisdiction is made to permit the court to exercise the "orders otherwise" authority under 11 U.S.C. §349(b)(3), I enter an order that expressly retains jurisdiction and outlines the procedures for consideration of the compensation request. Other judges in this district have followed suit.

> for the court to exercise its discretion under § 349(b)(3) to override the presumptive revesting of the undistributed plan payments "for cause" upon dismissal of a chapter 13 case . . . .

346 B.R. at 105.

## B. Principles Governing the Award of Compensation in a Case Dismissed Post-Confirmation

The question presented in the case at bar is whether the pre-confirmation approach to the treatment of a pending application for compensation also should be employed when a chapter 13 case is dismissed post-confirmation. I conclude that the policy favoring the payment of administrative expenses in a dismissed chapter 13 case (the allowed administrative expenses almost always being debtor's counsel's compensation) has no less force post-confirmation. Therefore, I see no reason to apply §349(b)(3) differently in the two (2) procedural contexts. In other words, I find it appropriate to apply the Lewis procedures post-confirmation.

### 1. pre-confirmation v. post-confirmation, generally

There is a material difference in the status of the bankruptcy estate pre-confirmation compared to post-confirmation (at least insofar as the funds held by the trustee are concerned).[7]

The general rule in case administration is that the chapter 13 trustee makes no distributions prior to confirmation of the plan. See 11 U.S.C. §1326(a)(2). Naturally, the trustee will accumulate funds as the debtor makes plan payments in the months after commencement of the case and before confirmation of a chapter 13 plan.

---

[7] I have qualified the statement in the text due to the existence and operation of 11 U.S.C. §1306(a), a subject that I need not consider in the present matter.

In this district, where plans are typically confirmed after the expiration of the deadline for filing claims by non-governmental creditors,[8] the trustee often accumulates a fund consisting of a number of monthly plan payments made by the debtor before confirmation. This fund also is the source for payment of counsel's compensation (or other administrative expenses) that may be allowed if a case is dismissed without confirmation of a plan (pursuant to either 11 U.S.C. §349(b)(3) or §1326(a)(2), see n.5, supra).

The status of the debtor's account with the trustee changes dramatically once the plan is confirmed. Upon confirmation, the trustee distributes the plan payments made pre-confirmation according to the terms of the confirmed plan. 11 U.S.C. §1326(a)(2). Each month thereafter, as plan payments are made, the trustee will continue to distribute them under the plan. Consequently, in any given month after confirmation of the plan, the trustee ordinarily will be holding little or no funds. This also would be true at the time that a case may be converted to chapter 7 or dismissed.

Of course, there are exceptions to this typical course of events. See In re Michael, 699 F.3d 305, 307 (3d Cir. 2012) (after confirmation and before conversion of case to chapter 7, trustee accumulated $9,181.62 in plan payments).

Thus, it is possible that the trustee will be holding funds at the time of a post-confirmation dismissal sufficient to pay some or all of a pending application for (usually supplemental) compensation filed by the debtor's counsel.

---

[8] In some other districts, the practice is to confirm (or "conditionally" confirm) chapter 13 plans earlier (prior to the expiration of the claims filing deadline).

## 2. Harris v. Viegelahn

In considering how to handle a request for professional compensation in a chapter 13 case in the post-confirmation context, I draw some guidance from the Supreme Court's decision in Harris v. Viegelahn, 575 U.S. 510 (2015).

Harris involved the disposition of undistributed plan payments upon the post-confirmation ***conversion*** of a chapter 13 case to chapter 7 — ***not dismissal***, as here.

In Harris, the Supreme Court held, pursuant to 11 U.S.C. §348(f), that the undistributed chapter 13 plan payments derived from the debtor's wages must be returned to the debtor, not distributed to creditors. Id. at 518. The Supreme Court observed that property of the bankruptcy estate "does not become property of creditors until it is distributed to them." Id. at 521 (citing Michael, 699 F.3d at 312-13). Perhaps the key takeaway from Harris and Michael is that after dismissal,

> [s]imply put . . . th[e] bankruptcy case is over.  There is no Chapter 13 trustee.
> There are no *bankruptcy* creditors — only creditors."

In re Lopez, 897 F.3d 663, 672 (5th Cir. 2018) (emphasis in original).

In an earlier reported decision, which did not require that I determine the proper disposition of undistributed funds held by the chapter 13 trustee when in case that was dismissed post-confirmation, I briefly discussed the application of Harris to dismissed, rather than converted, cases:

> . . . A number of courts, both pre- and post-Harris, have held that undistributed plan payments must be returned to the debtor following the post-confirmation dismissal of a chapter 13 case. See In re Nash, 765 F.2d 1410, 1414 (9th Cir.1985); In re Edwards, [538 B.R. 536, 542] (Bankr. S.D. Ill. Sept. 22, 2015); In re Hamilton, 493 B.R. 31, 37–46 (Bankr. M.D. Tenn. 2013); In re Williams, 488 B.R. 380, 386–87 (Bankr. N.D.Ill. 2013), aff'd sub nom. Williams v. Marshall, 526 B.R. 695 (N.D. Ill. 2014). Other courts disagree, based on either; (a) the view that the creditor's rights in the funds vested under the confirmed plan once the debtor delivered the

> payment to the trustee or (b) the exercise of the discretion afforded the court under § 349(b)(3). See In re Darden, 474 B.R. 1, 13–14 (Bankr. D. Mass. 2012); In re Hufford, 460 B.R. 172, 176 (Bankr. N.D. Ohio 2011); In re Parrish, 275 B.R. 424, 433 (Bankr. D.D.C. 2002).

In re Kee, 2015 WL 5860492, at *1 n.2 (Bankr. E.D. Pa. Oct. 7, 2015).

There is no binding authority on the issue in this Circuit — or even any reported decision on point in this district — regarding the disposition of undistributed funds upon the post-confirmation dismissal of a chapter 13 case.[9]

In light of the unambiguous text of §349(b)(3) and the principle that dismissal terminates case administration, I agree with and will follow the line of cases holding that funds undistributed upon post-confirmation dismissal of a chapter 13 case presumptively should be returned to the person in whom the property previously was vested. In almost every case, that person is the debtor. Based on this holding, the remaining question in this case is whether the court should exercise its authority under §349(b)(3) to "order otherwise" for "cause" when the debtor's counsel requests allowance of compensation and seeks payment from such undistributed funds.

---

[9] The closest precedent in this district is in In re Parker, 400 B.R. 55, 62 (Bankr. E.D. Pa. 2009), which involved a case dismissed post-confirmation in which the trustee received pre-confirmation all of the funds that remained undistributed post-confirmation.

In Parker, based upon 11 U.S.C. §1326(a)(2) (second sentence), the court concluded that the creditor's right to receive the distribution vested upon confirmation of the plan. As a result, the court denied the debtor's request for the refund of the undistributed plan payments.

Parker is distinguishable because it is unlikely that the funds at issue in this case were derived from pre-confirmation payments, (which renders inapposite the second sentence of §1326(a) relied upon by the Parker court). Also, I doubt that Parker remains good law considering that in Harris and Michael, both the Third Circuit and the Supreme Court have held that chapter 13 plan payments do not become property of the creditor until distribution has been effected. This leaves §349(b)(3) as the controlling authority.

### B. Application of Lewis in the Post-Confirmation Dismissal Context.

**1.**

In Lewis, I found "cause" under 11 U.S.C. §349(b)(3) based, in part, on the policy expressed in 11 U.S.C. §1326(a)(2), i.e., to foster access to chapter 13 by providing for payment of administrative expenses incurred.

Section 1326(a)(2) expressly provides for the payment of administrative expenses ahead of the return of funds to the debtor only in cases dismissed pre-confirmation. After confirmation, there is no statutory analogue to §1326(a)(2). Does that require a different outcome in evaluating whether "cause" exists under 11 U.S.C. §349(b)(3) to alter the provisions "default" distribution of undistributed funds (back to "the entity in which such property was vested immediately before the commencement of the case")?

After considering the question, my conclusion is that the policy expressed in §1326(a)(2) — that, to foster access to chapter 13, the Code looks favorably upon the payment of debtor's counsel fees (and other administrative expenses) upon dismissal of a chapter 13 case — applies equally in the post-confirmation context. In other words, the services provided by a debtor's counsel after confirmation to assist in case administration or helping the debtor avoid dismissal, even if unsuccessful, are no less worthy than the pre-confirmation services provided by counsel. Thus, the court's exercise of its discretion to permit such payment to chapter 13 debtor's counsel is supported by public policy. See In re Marve, 2020 WL 11622509, at *3 (E.D. Mich. Sept. 28, 2020), rev'g 2019 WL 5688178 (Bankr. E.D. Mich. Nov. 1, 2019). But see In re Hooks, 577 B.R. 415 (Bankr. M.D. Ala. 2017); In re Demery, 570 B.R. 220 (Bankr. W.D. La. 2017).

Hence, as a general rule, I am prepared to find that cause exists under 11 U.S.C.

§349(b)(3) and authorize the trustee to pay allowed compensation to debtor's counsel in a dismissed post-confirmation chapter 13 case, overriding the statute's default that undistributed funds be returned to the debtor.

For the court to exercise this authority, however, it must have retained jurisdiction when dismissing the case. As in Lewis, the request for retention of jurisdiction can be accomplished either by the pendency of an application for compensation or by an express request for retention of jurisdiction at or before the dismissal hearing.

**2.**

In light of the procedural history in this case, I am unable to exercise the discretion afforded to the court in 11 U.S.C. §349(b)(3) to "order otherwise" and allow compensation to Counsel here.

Counsel did not request that the court retain jurisdiction prior to dismissal of the case. Further, Counsel did not file the Supp. Application until twenty-one (21) days after the entry of the dismissal order. By that time, the appeal period on the dismissal order had run and the order was final. Consistent with the holdings in Ragland and Lewis, entitlement to the undistributed funds has vested in the Debtor and the court lacks subject matter jurisdiction to order otherwise.

Consequently, the Supp. Application must be denied.

### III. CONCLUSION

In this opinion, I have held that the legal principles expressed in my prior opinion in Lewis, a case involving a pre-confirmation dismissal of a chapter 13 case, are generally applicable in chapter 13 cases dismissed post-confirmation. After applying those principles, the

narrow holding of this case is that the court lacks jurisdiction to provide the Debtor's counsel with the relief requested: allowance of compensation.

I recognize that other parts of the discussion in this Memorandum regarding the court's treatment of a request for allowance of compensation are dicta. Specifically, I have suggested that if the debtor's counsel takes appropriate action to request that the court retain jurisdiction to consider a request for allowance of compensation, I am generally prepared to retain jurisdiction, find "cause" to "order otherwise" under 11 U.S.C. §349(b)(3), allow compensation and direct the chapter 13 trustee to pay the allowed compensation from the undistributed funds in his or her possession.

Ordinarily, I would refrain from broad statements of dicta. In this case, however, I find it appropriate to do so in order to put the narrow holding in the case in its proper context. Doing so also, hopefully, will provide beneficial guidance to the bar.

An order consistent with this Memorandum will be entered.

Date: **March 3, 2022**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**